IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| P TECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1: 19-cv-00525-RGA |
| | ) |
| INTUITIVE SURGICAL INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER
GOVERNING ACCESS TO SOURCE CODE**

The following procedures shall apply to ensure secure access to source code:

1. The definitions provided in the contemporaneously filed Stipulated Protective Order are incorporated by reference as if repeated in this Order.

2. A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer. The stand-alone computer shall not be connected to, nor should any effort be made by the Receiving Party to connect it to a transmission means or printing means. To the extent the Receiving Party in good faith requests a second stand-alone computer, the Producing Party will act in good faith to provide it.

3. The stand-alone computer may be located with an independent escrow agent in Wilmington Delaware or other agreed upon location, with the costs of such to be shared by the parties. If the parties cannot agree on such an agent, each party shall submit to the Court the name and qualifications of their proposed agents for the Court to choose. If the Producing Party elects to do so, the stand-alone computer may be located at the offices of its Counsel of Record in Wilmington Delaware or at another office of its Counsel of Record as agreed upon by the Parties.

1

4. Access to the stand-alone computer shall be permitted, after notice to the Producing Party and an opportunity to object, to up to two (2) Outside Counsel of Record representing the Receiving Party and up to two (2) experts retained by the Receiving Party, who have complied with the requirements of the Stipulated Protective Order and to whom no unresolved objections remain. No access to the stand-alone computer shall be granted to persons other than the four persons identified absent agreement by the Producing Party. The four persons shall be identified in writing at least five (5) business days in advance of the first time such persons seek access to the stand-alone computer. Thereafter, access to the stand-alone computer shall be granted during regular business hours, upon no less than three (3) business days advance notice.

5. Any person seeking access to the stand-alone computer shall not bring any electronic devices of any type into the room in which the stand-alone computer is maintained. The Receiving Party will not copy, remove, or otherwise transfer any portion of the source code from the source code computer including, copying, removing, or transferring any portion of the source code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the source code in any way from the location of the source code inspection. The Producing Party may monitor the activities of the Receiving Party's representatives during their use of the stand-alone computer to ensure that no files are copied, transferred, photographed or printed.

6. Source code may not be printed or copied from the stand-alone computer. If the Receiving Party so desires, it may identify and request the Producing Party print a reasonable number of pages or files from the stand-alone computer. The printed pages shall constitute part of the source code produced by the Producing Party in this Action. Any printed portion that consists of more than thirty-five (35) pages of a continuous block of source code or an aggregate

total of more than 500 pages of source code during the duration of the case shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for additional printed pages. The parties shall meet and confer in an effort to resolve any disputes concerning the volume of material sought to be printed.

7. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the Producing Party as source code pursuant to the Stipulated Protective Order may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as appropriately designated exhibits to depositions, expert reports, or court filings.

8. The source code provider or the Producing Party shall provide a manifest of the contents of the stand-alone computer. This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file escrowed on the computer.

9. The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. The Receiving Party's approved representatives are permitted to (i) make and/or maintain electronic copies of their notes outside of the source code review room; and (ii) take such notes on the source code computer itself provided that such notes are not transmitted outside the source code review room and are deleted upon conclusion of the

review. Any such notes shall be treated as though designated as source code under the protective order, and shall be afforded the same protections contained therein.

10. If the court determines that the issue of missing files needs to be addressed, the source code provider or Producing Party will include on the stand-alone computer the build scripts, compilers, assemblers, and other utilities necessary to rebuild the application from source code, along with instructions for their use.

SO ORDERED this __10__ day of __July__, 2019.

_____
Richard G. Andrews
UNITED STATES DISTRICT JUDGE